925 F.2d 1467
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert WILLIAMSON, Plaintiff-Appellant,
v.
Ralph EVITTS, Warden, Debra Moore, Nurse, Phillips,
Correctional Officer, Defendants-Appellees.
 No. 90-5857.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Williamson appeals the district court's order granting the defendants' motion for summary judgment in this 42 U.S.C. Sec. 1983 prisoner civil rights action.
 
 
 3
 Williamson claimed that the defendants were deliberately indifferent to his serious medical needs. Specifically, he claimed that he was in line at "pill call" when the time for "pill call" expired and the defendant prison nurse refused to dispense the medication prescribed for his epilepsy. When Williamson explained the situation to the defendant corrections officer, he was cited for a disciplinary violation. He requested damages.
 
 
 4
 The magistrate recommended that the complaint be dismissed, and Williamson filed objections alleging that he was transferred in retaliation for filing his lawsuit. The district court adopted the magistrate's recommendation and dismissed the complaint. Williamson appealed, and this court reversed and remanded, deciding that he did allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. This court also affirmed dismissal of defendant Evitts as Williamson failed to state a claim against him. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 5
 After reinstatement, the district court granted summary judgment for the defendants. The court decided that defendants' evidence established that Williamson received all his medication. See Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 6
 Williamson raises the same argument on appeal.
 
 
 7
 Upon consideration, we conclude that the district court correctly granted summary judgment for the defendants. Accordingly, for the reasons stated in the district court's order filed June 19, 1990, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.